## HAMP FOSTER v. THE STATE.

1. **THEFT — EVIDENCE.** — Any explanation which a party, when first found in possession of stolen property, gives of the nature and extent of his possession, and how he acquired it, is competent evidence either for or against him; but this principle does not authorize the party to manufacture evidence in his own behalf.

2. **SAME.** — Want of the owner's consent to the taking of the property may be proved by circumstantial evidence.

3. **PRACTICE IN THIS COURT.** — When no objection to testimony was made in the court below, its competency will not be revised in this court.

APPEAL from the District Court of Harrison. Tried below before the Hon. A. J. BOOTY.

The opinion states the case.

No brief for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J. It is insisted in this case, on the part of the defense, that the court gave to the jury improper and illegal instructions. The error assigned on this point does not state in what the error consists. As to the charge of the court, we are of the opinion that the law of the case was properly submitted to the jury, and that no well-founded complaint exists as to the manner in which it was done.

The defendant is charged in the indictment with the theft of a cow, the property of Mrs. M. A. Tucker. The evidence shows that between daylight and sunrise one morning in November or December, 1875, the witness Respass, in passing, saw the defendant, at a point near the road, on Mrs. M. A. Tucker's land, in Harrison County. He was standing by a cow that had been killed, skinned, and quar-

tered. Respass said to him, "Hamp, you have killed a beef; can't you let me have a quarter?" to which defendant replied that he could not, as he had promised one quarter to Mrs. Tucker and one to Mr. Whitby. Respass and a son of Mrs. Tucker went that evening to the place where the beef had been killed. When they got there they saw nothing but the blood. It was too late and dark for them to make a thorough examination that night. The son of Mrs. Tucker returned the next morning and found the hide covered up in the leaves, and also the head of the cow covered up in a hole in the ground near defendant's house. They were recognized and proven to be the head and hide of the missing cow, the property of Mrs. M. A. Tucker.

Sherrod, a witness introduced by the defendant, testified that, on the morning after he had heard of Mrs. Tucker's cow being missing, the defendant came to his house and said that on the morning before he had killed a yearling or cow by accident, with an ax, while he was shucking corn, and he thought it was one of witness' cows, and wished to pay him for it; that while the cow was pulling the corn through the cracks of his crib, he struck and so injured it that he then butchered it, and wished to pay for it. These statements were made by the defendant, as appears from the transcript, before the defendant was arrested, but after he was seen by the witness Respass standing by the butchered animal.

Any explanation which a party, when first found in possession of stolen property, gives, as to the nature and extent of his possession, and how he came by it, is proper evidence either for or against him. The statements made by the defendant to Sherrod were no part of the *res gestæ*, and were not made when defendant was first found in possession of the stolen property, nor in giving an account of how he came in possession of the same, and were clearly inadmissi-

ble on the part of the defense. It was an attempt by the defendant to manufacture testimony for himself. This evidence doubtless would have been excluded by the court had its introduction been objected to at the proper time. The eminently just judge who presided at the trial gave the defendant the benefit of a charge applicable to this evidence.

The third subdivision of the charge of the court is in the following words: "If you believe from the evidence that the defendant killed the cow mentioned in the indictment, accidentally, or killed it angrily, and with no intention, at the time of killing it, of appropriating it to his own use, and that, after so killing it, he subsequently appropriated it to his own use, then he is not guilty of theft, and you will so find him not guilty. But if he took the cow fraudulently, knowing that it was not his own, and without the consent of the owner, and with the intent to deprive the owner of. the value of the animal, and with the intent to appropriate it to his own use or benefit, even though he did not know who was the owner, and the cow is shown to have been the property of Mrs. M. A. Tucker, then the defendant would be guilty."

The want of the owner's consent to the taking of the property alleged to have been stolen was shown by circumstantial evidence. This is sufficient. *McMahon* v. *The State*, 1 Texas Ct. App. 104.

There was no objection made in the lower court to that part of the testimony of the witness Hill in which he said that Respass, when he came to his mother's house, stated to the witness that he saw Hamp Foster standing by a butchered beef, near the road, on the land of Mrs. Tucker. Objections to testimony will not be considered when made for the first time in this court. The transcript shows that Respass had himself already testified to the same fact, so that no injury could possibly have resulted to the defendant in

permitting Hill to give the declarations of Respass in regard to seeing the accused standing by the butchered beef.

The prisoner has had a fair trial, his guilt was established to the satisfaction of the court and jury, and the law was properly applied to the facts; we must, therefore, affirm the judgment.

*Affirmed.*